IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DARRELL LESTER,

        Petitioner

VS.

TONY HENDERSON,

        Respondent

NO. 3:07-CV-33 (CDL)

**PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE**

# RECOMMENDATION

Before the court is the respondent's Motion to Dismiss the above-styled habeas corpus action. Tab #14. The defendant's motion alleges that the petition is **untimely filed** pursuant to 28 U.S.C. §2244(d). Despite being advised of his right to respond to the respondent's motion (Tab #15), petitioner DARRELL LESTER has failed to refute the allegations therein.[1]

Section 2244(d) provides as follows:

*(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--*

    *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

    *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*

    *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

---

[1] Petitioner Lester did file a "Traverse to Respondent's Return and Answer" (Tab #18), but that document does not refute any argument the respondent makes in his motion to dismiss.

> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*
>
> *(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

The respondent has shown that petitioner Lester waited 354 days after his conviction became final to file his state habeas petition. After the state denied his petition, Lester waited another 343 days to file the instant federal petition. Accordingly, 697 untolled days passed between the petitioner's conviction becoming final and his filing of this federal habeas petition. Because that period of time is longer than one year, his instant petition is barred by the statute of limitations set forth in 28 U.S.C. §2244.

Accordingly, IT IS RECOMMENDED that the respondent's Motion to Dismiss be **GRANTED** and that the instant petition be **DISMISSED** as UNTIMELY. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 11th day of DECEMBER, 2007.



          CLAUDE W. HICKS, JR.
          UNITED STATES MAGISTRATE JUDGE